# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL WIEDERSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-67-STE |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

Plaintiff's application for disability insurance benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 21-40). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 1, 2011, the alleged disability onset date. (TR. 23). At step two, the ALJ determined Mr. Wiederstein had severe impairments of: "degenerative disc disease cervical spine, status post ACDF surgery times 2, 2008 and 2014; degenerative disc disease lumbar; PTSD." (internal citations omitted). (TR. 23). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 30).

At step four, the ALJ found that Plaintiff was not capable of performing his past relevant work. (TR. 39). The ALJ further concluded that Mr. Wiederstein had the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except with nonexertional limitations. The claimant can: lift/carry 10 pounds occasionally and less than 10 pounds frequently; walk/stand up to 2 of 8 hours with normal breaks; and sit for up to 6 of 8 hours. The claimant can never climb ladders, ropes, or scaffolds and can never balance. The claimant can occasionally climb ramps and stairs and occasionally kneel, crouch, scrawl [sic], stoop. The claimant can do no overhead work with the bilateral upper extremities. The claimant can perform simple 1, 2, 3 step tasks, with no public contact and no customer service work. The claimant is able to interact appropriately with others on a superficial basis and is able to adapt to work situations.

(TR. 32).

Based on the finding that Mr. Wiederstein could not perform his past relevant work, the ALJ proceeded to step five. There, she presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 90). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 90-91). The ALJ adopted the testimony of the VE and concluded that Mr. Wiederstein was not disabled based on his ability to perform the identified jobs. (TR. 40).

### III. ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) the ALJ erred in evaluating certain medical opinions and (2) the RFC is not supported by substantial evidence.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. NO LEGAL ERROR IN THE ALJ'S EVAULATION OF THE EVIDENCE

Mr. Wiederstein alleges that the ALJ erred in evaluating opinions from: (1) the Veteran's Administration (VA), (2) Dr. Stephanie Porterfield, and (3) Dr. Travis Kanaly. The Court disagrees.

### A. The VA Determination

On January 23, 2014, the VA concluded that Mr. Wiederstein was 100% disabled. (TR. 503-504). The VA's findings were detailed in a rating decision dated January 16, 2014. (TR. 486-501). Mr. Wiederstein contends that the ALJ failed to properly evaluate the VA opinion. (ECF No. 17:5-7). The Court disagrees.

It is well-established that a disability rating by another agency, while not binding on the Commissioner, "is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart,* 399 F.3d 1257, 1262 (10th Cir. 2005). Here, the ALJ considered the VA opinions, but accorded them no weight, explaining:

> The Administrative Law Judge has considered the VA's January 23, 2014 letter finding that the claimant has 100% Service Connected Disability, as well as the VA Rating Decision dated January 16, 2014. It is not an opinion by an acceptable medical source or other medical source and does not appear to be substantiated in contemporaneous treatment records. The VA noted degenerative disc disease of cervical, lumbar and thoracic spine, with radiculopathy of upper extremities and lower extremities, as well as irritable bowel syndrome. Migraine headaches evaluation had an increased rating. The letter advised that the evaluation of traumatic brain injury was decreased from 40% to 10%. The claimant was also advised the conditions were considered permanent and total. The Administrative Law Judge finds this decision is a nonmedical opinion and is given no weight. It addresses a different statutory framework. It is not accompanied by the substantiating treatment records with objective findings from physical examination or imaging studies or other diagnostic procedures. It is given no weight.

(TR. 38) (internal citations omitted). Clearly the ALJ considered the evidence. The issue, therefore, is whether the ALJ sufficiently explained why she did not find the VA disability rating persuasive.

The ALJ addressed the fact that the VA's rating was not binding on the Social Security Administration. (TR. 38). The ALJ also noted that the rating contained no treatment records or objective findings upon which the decision was based. (TR. 38). The ALJ then stated that she was giving the opinion "no weight" because "[i]t addresses a different statutory framework [and] [i]t is not accompanied by the substantiating treatment records with objective findings from physical examination or imaging studies or other diagnostic procedures." (TR. 38).

In support of his argument, Plaintiff cites to: (1) portions of the VA's decision which explain the rating and (2) other medical evidence in the file which supports the VA's decision. (ECF No. 17:6-7). But these arguments amount only to a request for this Court to reweigh the evidence, which it cannot do. *See Vigil,* 805 F.3d at 1201. In sum, the Court concludes that the ALJ sufficiently explained the reasons for rejecting the disability rating, which is all she was required to do.

B.  **Dr. Porterfield's Opinion**

On September 9, 2014 and October 2, 2014, Dr. Porterfield examined Plaintiff and thereafter rendered various opinions on a "Mental Status Form" which included a "Mental Residual Functional Capacity Assessment" (MRFCA). Plaintiff challenges the ALJ's assessment of Dr. Porterfield's opinion. The Court is not persuaded by Plaintiff's argument.

### 1. ALJ's Duty in Evaluating Medical Opinions

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. § 1527(c). The weight given each opinion will vary according to the relationship between the claimant and medical professional. *Hamlin*, at 1215. For example, in evaluating a treating physician's opinion, the ALJ must follow a two-pronged analysis. First, the ALJ must determine, then explain, whether the opinion is entitled to controlling weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

This analysis, in turn, consists of two phases. First, an ALJ must consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with other substantial evidence in the record. Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, at 2 (July 2, 1996) (SSR 96-2p) (internal quotations omitted). If controlling weight is declined, the ALJ must assess the opinion under a series of factors which are considered when assessing *any* medical opinion, regardless of its source. These factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R § 404.1527.

Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); SSR 96-2p, at 5. If the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### 2. Evidence From Dr. Porterfield

Dr. Porterfield's notes state that she examined Plaintiff two times---September 9, 2014 and October 2, 2014. (TR. 591). The record contains a progress note documenting the October 2, 2014 visit, but the only record dated September 9, 2014 is a document completed by Mr. Wiederstein where Plaintiff provided personal information, including insurance, and stated his primary concerns for seeking therapy with Dr. Porterfield. (TR. 588). In addition to the sole progress note of October 2, 2014, Dr. Porterfield's opinions are reflected in the Mental Status Form and MRFCA which reflect: (1) observations of Plaintiff, (2) diagnoses of PTSD and Major Depressive Disorder, and (3) various mental work-related limitations. (TR. 591-594).

### ALJ's Treatment of Dr. Porterfield's Opinion

In the decision, the ALJ summarized: (1) Dr. Porterfield's treatment record of October 2, 2014, and (2) Dr. Porterfield's diagnoses and work-related limitations which the psychologist had opined on the Mental Status Form and MRFCA. (TR. 30). The ALJ also noted that "the September 9, 2013 [sic] form appears to be in the nature of a cover sheet completed by the claimant himself, rather than any treatment observations by Dr. Porterfield." (TR. 30). Ultimately, the ALJ gave Dr. Porterfield's opinions "limited weight," explaining:

> The Administrative Law Judge gives limited weight to the opinion of psychologist Dr. Porterfield. The Administrative Law Judge notes the very brief treating relationship, as evidenced by there were at most two individual therapy sessions prior to the time the opinion was rendered. There is no evidence that the claimant returned for further therapy after the opinion was rendered. The Administrative Law Judge notes there is no indication the claimant started on medication, and hence no indication of his response to medication. A treating source opinion can be entitled to controlling weight on issues of the nature and severity of an individual's impairments, provided it is supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence of record. There is little support for the very restrictive residual functional capacity and no evidence of the duration of such limitations, in light of the very limited treatment involved over an approximately (at most) one month time period. The Administrative Law Judge gives limited weight to Dr. Porterfield's opinion. However, the Administrative Law Judge notes that the RFC restrictions on social interaction (no work with public and no customer service representative work) are consistent with Dr. Porterfield's notes.

(TR. 37) (internal citations omitted).

### 3. No Error in the Consideration of Dr. Porterfield's Opinions

Mr. Wiederstein challenges the ALJ's evaluation of Dr. Porterfield's opinions for two reasons. First, Plaintiff argues that it "is inconsistent" to accord more weight to the opinion of a non-examining psychologist rather than to opinions from Dr. Porterfield, who had actually examined Mr. Wiederstein. Second, Plaintiff asserts that the ALJ had wrongly noted that the mental status cover sheet appeared to have been completed by Plaintiff rather than Dr. Porterfield and that that rationale was an invalid basis on which to discount the psychologist's opinions. The Court rejects both arguments.

First, Plaintiff implies that the ALJ was not allowed to accord "great weight" to the State Agency psychologists while according only "limited weight" to the opinion of Dr.

8

Porterfield.¹ The Tenth Circuit has stated that "[t]he opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). However, the Court noted that the rule is a "general" one and concluded that "the ALJ erred in rejecting the treating-physician opinion . . . in favor of the non-examining, consulting-physician opinion . . . *absent a legally sufficient explanation for doing so*." *Id.* (emphasis added). As discussed, all that the ALJ was required to legally do was to properly consider and explain her treatment of Dr. Porterfield's opinions. As discussed below, the Court concludes that the ALJ fulfilled her duty in this regard.

Regarding Plaintiff's second argument, Mr. Wiederstein argues that the ALJ improperly discounted Dr. Porterfield's opinions based on an invalid finding that Mr. Wiederstein himself had rendered the opinion. According to Plaintiff, the Mental Status Form was signed by Dr. Porterfield, in her handwriting, and "there [was] nothing on the mental status form that would lead the ALJ to assume the claimant completed the form [and] the ALJ did not explain why she thought the form was completed by the claimant." (ECF No. 17:8). Mr. Wiederstein's argument is misplaced.

The ALJ stated that "the September 9, 2013 [sic] appear[ed] to be in nature of a cover sheet completed by the claimant himself, rather than any treatment observations by Dr. Porterfield." (TR. 31). The ALJ's statement is accurate. *See* TR. 588 (form dated

---

¹ The entirety of this portion of Plaintiff's argument states: "in the paragraph before the same ALJ gave 'great weight to the opinion of the reviewing state agency psychological consultants'. This doctor never had a relationship or examined the Plaintiff. This is inconsistent. As a matter of fact, out of all the medical opinions, several from treating sources, the ALJ only have [sic] 'great weight' to the reviewing state agency." (ECF No. 17:8).

September 9, 2014 and completed by Mr. Wiederstein). But the ALJ did not state that *the Mental Status Form* had not been completed by Dr. Porterfield. In fact, the ALJ's summary of Dr. Porterfield's opinions indicates that the ALJ believes that the doctor *had* rendered the opinions contained in the Mental Status Form. *See* TR. 30 (ALJ's statements that "Dr. Porterfield reported the claimant was fully oriented. . . . Dr. Porterfield recommended individual therapy. . . . Dr. Porterfield listed diagnosis of PTSD and major depressive episode, moderate . . . . [and] Dr. Porterfield also completed a Mental Residual Functional Capacity form indicating some marked limitations in sustained concentration, persistence and pace, as well as in social interaction and adaptation to the workplace.") (internal citations omitted). Clearly, the ALJ believed that Dr. Porterfield, not Plaintiff, had rendered the opinions contained in the Mental Status Form and the MFRCA.

Ultimately, however, the ALJ accorded Dr. Porterfield's opinions "limited weight" due to: (1) the "very limited treating relationship" between Plaintiff and Dr. Porterfield, (2) the lack of evidence concerning therapy or medication prescribed by Dr. Porterfield, and (3) no evidence regarding the duration of any of the work-related limitations that Dr. Porterfield had found. (TR. 37). Pursuant to Social Security regulations and Tenth Circuit law, the ALJ declined controlling weight to Dr. Porterfield, considered various factors in weighing her opinion, and gave specific, legitimate reasons for the weight she accorded the psychologist's opinion. *See* SSR 96-2p, 20 C.F.R § 404.1527; *Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); and *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ fulfilled her legal obligations to evaluate Dr. Porterfield's opinions and accordingly, the Court finds no error.

### C. Dr. Kanaly's Opinion

Finally, Mr. Wiederstein challenges the ALJ's treatment of Dr. Kanaly's opinion. The entirety of Plaintiff's argument states:

> Dr. Kanaly gave several restrictions to Mr. Wiederstein as a specialist. However, the ALJ gave limited weight. The ALJ accepted some of the restrictions and opinions, but rejected others. However, the ALJ failed to explain why some of the report was accepted and other parts were not. The ALJ may not pick and choose through an uncontradicted medical opinion, taking only parts that are favorable to a finding of disability. The ALJ's failure to fully consider evidence per the regulations require remand on its own.

(ECF No. 17:8) (internal quotation marks and citations omitted).[2]

Mr. Wiederstein accuses the ALJ of failing to explain his allegedly limited adoption of Dr. Kanaly's opinion. But Plaintiff has not cited any portion of Dr. Kanaly's opinion which he believes the ALJ had erroneously failed to adopt or otherwise explain why he believes the ALJ had erred in his assessment of the doctor's opinion. As a result, the Court concludes that Mr. Wiederstein has failed to develop this particular argument and it is therefore waived. *See Murrell v. Shalala,* 43 F.3d 1388, 1390 (10th Cir. 1994) (reasoning, in the Social Security context, that "perfunctory complaints [that] fail to frame and develop an issue sufficient to invoke appellate review" are forfeited); *Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Franklin Sav. Corp. v. U.S.,* 180 F.3d 1124, 1128 n. 6 (10th Cir. 1999) (arguments presented superficially are waived); *Paulek v. Colvin*, Case No. 16-1007, slip op. at 8 (10th Cir. Oct. 3, 2016) ("It is [the claimant's]

---

[2] Plaintiff ends the argument by stating "The 'cherry picking' of evidence also cascades into further error as discussed below." (ECF No. 17:9). In Plaintiff's second point of error, he cites opinions from Dr. Kanaly and alleges that the ALJ failed to include certain restrictions in the RFC. (ECF No. 17:9-11). There, the argument is developed and the Court will address Mr. Wiederstein's specific challenges as they pertain to Dr. Kanaly's opinions.

obligation to put forth specific points of error for our consideration); *Murphy v. Astrue*, 2011 WL 2144610, at * 6 (W.D. Okla. May 14, 2011) (unpublished op.) (rejecting allegation of error for "failure to develop the factual—and legal—bases for [the] argument.").

## VI. THE RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

In his second allegation of error, Mr. Wiederstein alleges that the RFC lacks substantial evidence because it failed to include restrictions involving the use of his hands. In support, Plaintiff cites: (1) notations in various medical records where he complained of bilateral numbness and tingling in his index, middle, and ring fingers, (2) his testimony at the hearing where he stated that he had stopped driving due to numbness in his hands and arms, and (3) particular limitations noted by Dr. Kanaly with respect to Plaintiff's abilities to reach, push, pull, finger, and handle. (ECF No. 17:10). As a result, Mr. Wiederstein also contends that the faulty RFC affected the ALJ's findings at step five. (ECF No. 17:10-11). The Court rejects Plaintiff's arguments.

The Court acknowledges that the record contains documentation of Plaintiff's complaints to various doctors regarding numbness in his hands and fingers. *See* TR. 326, 342, 346, 347, 382, 473 (noting Plaintiff's complaints of numbness in his middle and ring fingers of both hands while driving); 474 (noting bilateral numbness of Plaintiff's thumb and finger). And indeed, at the hearing, Mr. Wiederstein testified that he quit driving, in part, due to numbness in his hands and arms. (TR. 68). Finally, Dr. Kanaly diagnosed carpal tunnel syndrome and opined that Plaintiff could: (1) occasionally reach, (2) frequently finger and handle, and (3) never push or pull. (TR. 520, 542).

12

Based on this evidence, Mr. Wiederstein alleges that the RFC should have contained limitations on the use of his hands. The Court disagrees and concludes that the RFC was based on substantial evidence. *See* TR. 511 (consultative physician's findings that Mr. Wiederstein had 5/5 hand grip in his right upper extremity and 4/5 hand grip on his left upper extremity; TR. 512 (consultative physician's findings that upon testing of Plaintiff's finger and thumb joints, the "[f]lexion and extension of the proximal, middle and distal phalanges are within normal limits"). Not only did the record support the RFC as written, Mr. Wiederstein has failed to explain what additional limitations were needed or how the RFC should have been modified. *See Orso v. Colvin*, Case No. 15-7077, slip op. at 4-5 (10th Cir. Sept. 29, 2016) (rejecting plaintiff's argument regarding an alleged failure to include certain limitations in the RFC because plaintiff "fail[ed] to explain specifically what additional limitations were needed" or "how the RFC limitations would need to be changed to address symptoms stemming from [the impairment].")

Mr. Wiederstein argues that the failure to include limitations relating to hands in the RFC "may have tainted the evidence and questioning proffered by the ALJ to the vocational expert at step five" because "[t]here remains unresolved ambiguity in the record as to whether or not the Plaintiff with these documents [sic] restrictions in use of his hands and arms could perform the work listed by the vocational expert." (ECF No. 17:10-11). The Court disagrees for two reasons.

First, a hypothetical question need only reflect the impairments borne out by the record. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). As discussed, the limitations in the RFC which were posed in the hypothetical to the VE were based on substantial evidence, despite the lack of limitations on the use of Plaintiff's hands. *See Carver v.*

*Colvin*, 600 Fed. Appx. 616, 621 (10th Cir. Jan. 20, 2015) (unpublished op.) (no error in the hypothetical question to the VE which reflected RFC limitations deemed sufficient).

Second, the DOT entries for the jobs the ALJ relied on at step five were consistent with Dr. Kanaly's opinions that Plaintiff could "frequently" finger and handle. *See* Document Preparer, DOT 249.587-018 (requiring "frequent" fingering and handling); Circuit Board Assembler, DOT 726.684-110 (requiring "frequent" fingering and handling); and Surveillance System Monitor, DOT 379.367-010 (handling and fingering "not present"). Thus, contrary to Plaintiff's allegations, there is no ambiguity in whether Plaintiff could perform the jobs identified at step five despite the failure to include Dr. Kanaly's specific limitations on fingering and handling. As a result, the Court rejects this allegation of error. *See Orso*, slip op. at 5 (rejecting plaintiff's argument that the limitations the ALJ propounded to the VE were inadequate to address certain impairments because plaintiff "fail[ed] to describe any functions he could not perform which would preclude him from the jobs identified by the VE").

## ORDER

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **AFFIRMS** the Commissioner's decision.

ENTERED on October 12, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE